FILED16 NOV '17 10:34USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

Civil Action No.:

BALJIT S. NANDA,                                                    '17-MC-593

        Plaintiff,

vs.

PHILLIPS 66 COMPANY,

        Defendant.

---

## DEFENDANT'S PETITION FOR REGISTRATION OF FOREIGN JUDGMENT

    Defendant Phillips 66 Company ("Phillips 66"), through its attorneys Holland & Hart LLP, hereby petitions the Court for registration of a foreign judgment pursuant to 28 U.S.C. § 1963. In support, Phillips 66 states as follows:

    1.     On December 22, 2016, Phillips 66 obtained a Final Judgment against Plaintiff Baljit S. Nanda ("Nanda") in the United States District Court for the District of Colorado in Civil Action No. 1:15-cv-02108-REB-STV. A certified copy of this Final Judgment is attached as Exhibit 1. This certified copy of the Final Judgment was obtained in accordance with 28 U.S.C. § 1963.

    2.     The Final Judgment in favor of Phillips 66 was in the amount of $367,801, plus post-judgment interest at the rate of 0.91 percent per year. *See* Exhibit 1 at 1. On February 8, 2017, the clerk entered an award of costs to Phillips 66 in the amount of $24,408.91. *See* Order, Dkt. no. 172, attached as Exhibit 2. Phillips 66 therefore holds a judgment against Nanda in the amount of $392,209.91.

75465

3.      On August 8, 2017, the District of Colorado granted Phillips 66's Motion To Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963. Phillips 66 has attached a copy of the order permitting registration of the Final Judgment as Exhibit 3.

4.      Pursuant to the court's order, and in accordance with 28 U.S.C. § 1963, the Final Judgment "may be registered in any other district." Exhibit 3 at 3.

5.      On information and belief, judgment-debtor Nanda has assets in Oregon, including but not limited to a membership interest in an Oregon Limited Liability Company.

6.      The full name and last known address of judgment-debtor Nanda are included in an affidavit attached as Exhibit 4.

WHEREFORE, based on the foregoing, Phillips 66 hereby requests that, in accordance with 28 U.S.C. § 1963, the Court permit registration of the foreign judgment obtained in *Nanda v. Phillips 66*, Civil Action No. 1:15-cv-02108-REB-STV (D. Colo. Dec. 22, 2016), in the District of Oregon.

DATED:  November 13, 2017.

HOLLAND & HART LLP

*s/ Craig Stewart*
Craig Stewart P.C.
Claire E. Wells Hanson
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Phone: (303) 295-8247
Fax:  (303) 713-6307
CStewart@hollandhart.com
CEWellsHanson@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

10241353_2

# EXHIBIT 1

AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| BALJIT S. NANDA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  15-CV-02108-REB-STV |
| PHILLIPS 66 COMPANY | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   12/22/2016   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   10/19/2017



CLERK OF COURT

s/ R. Sams
*Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-cv-02108-REB-STV

BALJIT S. NANDA,

     Plaintiff,

v.

PHILLIPS 66 COMPANY,

     Defendant.

---

## FINAL JUDGMENT

---

     This action was tried before a jury of nine sworn to try the issues herein with the

Honorable Robert E. Blackburn, United States District Judge for the District of Colorado,

presiding. The jury rendered unanimous verdicts.  In accordance with the verdicts of the

jury and the orders filed during pendency of this case, and pursuant to Fed. R. Civ. P.

58(a), the following Final Judgment is entered.

     **THEREFORE, IT IS ORDERED** as follows:

1.     That as prescribed under Federal Rules of Civil Procedure 58, judgment

     enters for the defendant, Phillips 66 Company, against the plaintiff, Baljit S.

     Nanda, in the amount of three hundred sixty-seven thousand, eight

     hundred one ($367,801), plus post-judgment interest at the rate of 0.91

     percent per year; and

2.     That costs shall be taxed and allowed as prescribed by Rule 54(d)1 and

     Local Civil Rule 54.1.

     DATED at Denver, Colorado, this 22nd day of December 2016.

FOR THE COURT:

Jeffrey P. Colwell, Clerk

By: s/Kathleen Finney
         Kathleen Finney
         Deputy Clerk

APPROVED BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

I, the undersigned Clerk of the
United States District Court for the
District of Colorado do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this day of *Oct 19, 2017*
JEFFREY P. COLWELL
By s/R. Sams
        Deputy

2

# EXHIBIT 2

*** NOTE: IT IS YOUR RESPONSIBILITY TO SET THE TIME (ANY TUESDAY, WEDNESDAY, OR THURSDAY AT 8:30, 9:00 OR 9:30 A.M.) FOR
APPEARANCE BEFORE THE CLERK FOR TAXATION.

AO 133(Rev. 12/09) Bill of Costs

USDC Colo. Version – (Further Rev. (12/01/2013)

## BILL OF COSTS

| United States District Court | DISTRICT | DISTRICT OF COLORADO |
|---|---|---|

Baljit S. Nanda

v.

Phillips 66 Company

DOCKET NO. 1:15-cv-02108-REB-STV

MAGISTRATE CASE NO.

Judgment having been entered in the above entitled action on **December 22, 2016**

against **Baljit S. Nanda**                                    the clerk is requested to tax the following as costs:

### BILL OF COSTS

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
Feb. 8, 2017
JEFFREY P. COLWELL, CLERK

| | |
|---|---|
| Fees of the clerk | $ 0.00 |
| Fees for service of summons and complaint | $ 0.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $11,065.21 |
| Fees and disbursements for printing | $ 0.00 |
| Fees for witnesses (itemized on reverse side) | $11,909.90 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $ 299.27 |
| Docket fees under 28 U.S.C. § 1923 | $ 0.00 |
| Costs incident to taking of depositions | $ 44,070.03 |
| Costs as shown on Mandate of Court of Appeals | $ 0.00 |
| Other costs (Please itemize) | $ 1,134.53 |

Please review and comply with D.C.COLO.LCivR .54.1

(See Notice section on reverse side)

$24,408.91

TOTAL   $   ~~58,740.50~~

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy hereof was this day mailed with postage fully prepaid thereon to:

Signature of Attorney

Print Name   **Craig Stewart**                  Phone Number   303-295-8478

For:   **Phillips 66 Company**                  Date   January 20, 2017
Name of Claiming Party

| Please take notice that I will appear before the Clerk who will tax said costs on the following day and time: | Date and Time **February 8, 2017 at 9:30 am** |
|---|---|
| Costs are hereby taxed in the following amount and included in the judgment: | Amount Taxed $   24,408.91 |
| CLERK OF COURT | (BY) DEPUTY CLERK   s/Edward P. Butler |
| JEFFREY P. COLWELL | DATE:   Feb. 8, 2017 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02108-REB-STV

BALJIT S. NANDA,

      Plaintiff,

v.

PHILLIPS 66 COMPANY,

      Defendant.

---

### Clerk's Memorandum as to Costs

---

The Clerk, designated to conduct the hearing regarding the bill of costs filed by the prevailing party (Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1), makes the following determinations regarding Defendant Phillips 66's cost, per the categories enumerated in 28 U.S.C. § 1920:

| | | |
|---|---|---|
| (1) Fees of the Clerk. | - | **None** |
| (2) Fees for Service of Summons and Complaint. | - | **None** |
| (3) Fees of the Court Reporter, etc. | - | **$11.065.21** |

**[See Plaintiff's Summary Chart below, with corresponding explanation of the Clerk's award in Bold.]**

**Court Reporter Fees:**

| Date | Deposition | Stipulation[1] | Amount | Final |
|---|---|---|---|---|
| 8/15/16 | Matthew Fischer deposition transcript (8/2/16) | Stipulated | $697.97 | $697.97 |

---

[1] Plaintiff stipulated to the items listed in this column.

1

| 9/9/16 | Randy Fralix deposition videography (9/1/16) | | $234.00 | $234.00 |
|---|---|---|---|---|
| | **The Clerk awards purs. to Tilton and FPC.[2]** | | | |
| 9/9/16 | Dean Schnitzler deposition videography | | $415.91 | $415.91 |
| | **The Clerk awards purs. to Tilton and FPC.** | | | |
| 9/9/16 | Matthew Fischer deposition videography | | $234.00 | $234.00 |
| | **The Clerk awards purs. to Tilton and FPC.** | | | |
| 9/14/16 | Dean Schnitzler deposition transcript | Stipulated | $480.74 | $480.74 |
| 9/15/16 | P.A. Weber deposition videography | Stipulated | $862.50 | $862.50 |
| | **Stipulated, as it was played at trial.** | | | |
| 9/14/16 | Randy Fralix deposition transcript | Stipulated | $318.04 | $318.04 |
| 9/15/16 | P.A. Weber deposition transcript | Stipulated | $1,358.35 | $1,358.35 |
| 10/17/16 | Charles Lakey deposition transcript | Stipulated | $698.39 | $698.39 |
| 10/26/16 | Baljit S. Nanda deposition transcript | Stipulated | $2,341.80 | $2,341.80 |
| 10/26/16 | Baljit S. Nanda deposition videography | | ~~$1,800.00~~ | |
| | Clerk declines to award – not on FPC as video witness. | | | |
| 11/14/16 | Steven-Koenig Reporting – hearing transcript | | $531.10 | $531.10 |
| | Plaintiff objects - briefing completed when cost incurred. | | | |
| | Clerk awards[3] purs. to In Re Williams Securities. | | | |

---

[2] Regarding videotaped depositions, the Clerk follows two principles:

a) Properly noticed video depositions costs may be assessed in conjunction with the corresponding stenographic transcript costs. See Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir. 1997)("Rule 26 requires a party who has noticed a deposition to be taken by nonstenographic means to provide a transcript to opposing parties as part of its discovery obligations. Fed.R.Civ.P. 26(a)(3)(B). Rule 32(c) requires a party to provide a transcript of a video deposition that the party intends to offer as evidence at trial or upon a dispositive motion"

and

b) The purpose of incurring the cost of the videotaping of a deposition must be independently justified. See Medina v. Catholic Health Initiatives, 2017 WL 219314, at *4 (D.Colo., 2017)([T]he costs of both a stenographic transcript and a videotape of the same deposition are recoverable if each iteration has "a legitimate use independent from or in addition to the [other] which would justify its inclusion in an award of costs."}.

Plainitiff's objection to the video deposition costs were that they were not "used" at trial or for used to support the defendant's summary judgment motions. Defendant, however, noted that the depositions of witnesses Fralix, Schnitzler, Fischer, Weber, and Lakey were listed by Plaintiff as Will Call witnesses, to be presented by video deposition, on the Final Pretrial Order. See Docket No. 123. Accordingly, the clerk awards those deposition costs, as well witness Kotzin's, as he was plaintiff's expert, located out of state, and Defendant's counsel noted that there was a concern and need to preserve his testimony. The clerk refrains from awarding Plaintiff Nanda's individual and Rule 30(b)(6) deposition video – he was the plaintiff in the case, and any chance of non-appearance would ultimately result in strategic error and virtual default of the case.

[3] The clerk awards the hearing transcript of Oct. 21, 2016 under the premise that the matters discussed at the hearing addressed numerous pretrial concerns, including pending dispositive motions and a motion to exclude expert testimony. At the time the expense was incurred, less than one month prior to Dec. 12 trial date, the hearing details would have appeared to be reasonably necessary to review and confirm. See In re Williams

| 11/15/16 | Glen Kotzin deposition transcript | Stipulated | $1,026.45 | $1,026.45 |
| 11/15/16 | Glen Kotzin deposition videography | | $1,100.00 | $1,100.00 |
| | Clerk awards purs. to Tilton and demonstrated need. | | | |
| 11/21/16 | Charles Lakey deposition videography | | $250.91 | $250.91 |
| | **The Clerk awards purs. to Tilton and FPC.** | | | |
| 11/23/16 | Baljit S. Nanda deposition videography | | ~~$512.50~~ | |
| | Clerk declines to award – not on FPC as video witness. | | | |
| 11/23/16 | Baljit S. Nanda deposition transcript | Stipulated | $515.05 | $515.05 |
| 12/12-16/16 | Tracy Weir, RMR, CRR – trial transcripts | | ~~$2,857.85~~ | |
| | **The clerk declines to award real-time t/s.**[4] | | | |
| **TOTAL:** | | | ~~$16,235.56~~ | |
| **TOTAL:** | | | $11,065.21 | |

(4) Fees and Disbursements for Printing.                              -          **None**

(5) Fees for Witnesses.                                               -          **$11,909.90**

Witness costs:

| Date | Description | Stipulation? | Amount |
|------|-------------|--------------|--------|
| 6/10/16 | Process server fee on Corner Capital | Stipulated. | $145.00 |
| 6/21/16 | Process server fee on Buchanan Energy | Stipulated. | $200.00 |
| 8/2/16 | Matthew Fischer parking – deposition | Stipulated. | $18.00 |
| 8/10/16 | Process server fee on Corner Capital | Stipulated. | $100.00 |
| 8/31/16 | Dean Schnitzler mileage and parking - deposition<br><br>$16.20 (mileage) | Stipulated. | $41.20 |
| 10/10/16 | Charles Lakey airfare - deposition | Stipulated. | $705.32 |
| 10/11/16 | Charles Lakey ground travel - deposition | Stipulated. | $185.10 |
| 10/11/16 | Charles Lakey lodging - deposition | | ~~$554.25~~ |
| 10/11/16 | Witness meal – Charles Lakey deposition | | ~~$80.55~~ |
| | **C.L. Depo. Lodging and meals**[5] | | **$603.00** |
| 10/17/16 | Kotzin Valuation Partners | | ~~$1,138.50~~ |

---

Securities Litigation-WCG Subclass, 558 F.3d 1144, 1148 (10th Cir. 2009) (Courts must evaluate the reasonableness of each expenditure according to the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight.).

[4] See Karsian v. Inter-Regional Finance Group, Inc., 13 F.Supp.2d 1085, 1091 (D. Colo. 1998).

[5] 10/10/16 Deposition travel day requiring overnight stay at Government Services Administration locality rate for Denver metro area (Per Diem) = $247.00 [See http://www.gsa.gov/portal/category/100120 for Fiscal Year 2016.]. Deposition taken 10/11/16 (See Docket No. 169-2, p. 10 of 19). Overnight stay for date of deposition = $247. Meals and Incidentals for last day of travel = $69.00. Witness attendance fee under 28 U.S.C. § 1821 = $40.00. **TOTAL: $603.**

| | | | |
|---|---|---|---|
| | **"Litigation Consulting Services" = Expert.**[6] | | **$356.00** |
| 11/21-28/16 | Preparation of witness video testimony for trial | | **$233.38** |
| | **Clerk awards this fee – video depositions expected to be played at trial, so preparation necessary** | | |
| ~~11/30/16~~ | ~~Group lunch – witness~~ | | ~~$63.77~~ |
| | **Group expenses not awarded by the clerk; individuals awarded separate expenses.** | | |
| 11/30/16 | Lance Pinkerton travel expenses - trial | | ~~$543.99~~ |
| | **Clerk declines award – invoice states purpose of expense is to meet with outside legal counsel.  See Document 169-3, page 15 of 77.** | | |
| 11/30/16 | Charles Lakey airfare – trial[7] | | **$835.18** |
| 12/1/16 | Charles Lakey ground travel – trial $119.14 $14.33 | | **$133.47** |
| 12/1/16 | Charles Lakey lodging - trial | | ~~$159.50~~ |
| | **Witness Lakey – testified day 3, 12/14/16.** | | |
| | **Travel day = $247 + Day of testimony = $247 + Last day of travel = $69 + Attendance Fee =$40** | | **$603.00** |
| 12/1/16 | Dean Schnitzler travel expenses - trial | | ~~$814.44~~ |
| | **Witness Schnitzler – testified day 4, 12/15/16.** | | |
| | **Travel day = $247 + Day of testimony = $247 + Last day of travel = $69 + Attendance Fee =$40** | | **$603.00** |
| 12/1/16 | Matthew Fischer airfare – trial | | **$358.18** |
| 12/1/16 | Matthew Fischer ground transportation – trial $57.29 $28.00 | | **$85.29** |
| 12/1/16 | Matthew Fischer lodging and meals - trial | | ~~$196.84~~ |
| 12/1/16 | Matthew Fischer meals – trial $2.65 $24.00 | | ~~$26.65~~ |

---

[6] Not awardable under 28 U.S.C. § 1920.  Expert witnesses may be awarded the lay witness equivalent.  See Crawford Fitting v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Witness Kotzin, based in Arizona, attended an Oct. 17, 2016 deposition.  Invoice notes 3.45 hours.  Because of the proximity of witness to deposition site, the clerk awards one overnight stay, last day of travel, and lay witness attendance fee.  $247 + $69 +$40 = $356.

[7] Witness expenses such as attendance fee, common carrier fees, mileage, toll charges, taxicab fares, parking fees, and a subsistence allowance are awardable under 28 U.S.C. § 1821(a)-(d).

4

| | | | |
|---|---|---|---|
| | **Witness Fischer testified days 3 and 4 (12/14 and 12/15).** | | |
| | **Travel day = $247 + Day of testimony = $247** | | $890.00 |
| | **+ Day of testimony = $247** | | |
| | **+ Last day of travel = $69** | | |
| | **+ Attendance Fee =$40 X 2** | | |
| ~~12/1/16~~ | ~~Witness meal – trial prep~~ | | ~~$64.86~~ |
| 12/6/16 | Randy Fralix airfare - trial | | $540.20 |
| 12/6/16 | Randy Fralix lodging - trial | | ~~$351.86~~ |
| | **Witness Fralix – testified day 3, 12/14/16.** | | |
| | **Travel day = $247 + Day of testimony = $247** | | $603.00 |
| | **+ Last day of travel = $69 + Attendance Fee =$40** | | |
| 12/6/16 | Randy Fralix ground travel - trial | | $65.00 |
| 12/7/16 | Randy Fralix ground travel - trial | | $69.00 |
| ~~12/7/16~~ | ~~Charles Lakey lodging and meals – trial~~ | | ~~$420.44~~ |
| | **See Lakey trial lodging and meals award above.** | | |
| ~~12/9/16~~ | ~~Witness meal – trial prep~~ | | ~~$62.37~~ |
| ~~12/10/16~~ | ~~Witness meal – trial prep~~ | | ~~$125.28~~ |
| ~~12/10/16~~ | ~~Witness meal – trial prep~~ | | ~~$29.00~~ |
| ~~12/12/16~~ | ~~Witness lunch – trial~~ | | ~~$121.08~~ |
| ~~12/13/16~~ | ~~Witness lunch – trial~~ | | ~~$97.43~~ |
| ~~12/14/16~~ | ~~Witness lunch – trial~~ | | ~~$96.67~~ |
| 12/14/16 | Glen Kunofsky airfare | Stipulated. | $1152.20 |
| 12/14/16 | Glen Kunofsky lodging | | $319.00 |
| | **Witness Kunofsky – testified day 4, 12/15/16.** | | |
| | **As his witness fees to not exceed the per diem limit** | | |
| | **Under 28 U.S.C. § 1821,  lodging fees are limited to** | | |
| | **those he incurred.** | | |
| ~~12/15/16~~ | ~~Witness lunch – trial~~ | | ~~$97.43~~ |
| ~~12/16/16~~ | ~~Witness lunch – trial~~ | | ~~$122.90~~ |
| 12/1-16/16 | Dean Schnitzler trial travel expenses | | $2503.81 |
| | **See Schnitzler trial lodging and meals award above.** | | |
| 12/12-15/16 | Lance Pinkerton trial travel expenses | | $1416.44 |
| | **Testified Days 3 and 4 (Courtroom Mins. 12/14 and 12/15).** | | |
| | **Travel day = $247 + Day of testimony = $247** | | $890.00 |
| | **+ Day of testimony = $247** | | |
| | **+ Last day of travel = $69** | | |
| | **+ Attendance Fee =$40 X 2** | | |

| | | | |
|---|---|---|---|
| 12/9–15/16 | ~~Charles Lakey trial travel expenses~~<br><br>~~$724.84(airfare)~~<br><br>~~$927.74 (flight change fee for previously scheduled~~<br><br>~~vacation)~~<br><br>~~$888.18 (lodging and meals)~~<br><br>~~$312.62 (ground transportation)~~<br><br>~~$30.84 (ground transportation)~~<br><br>~~$7.03 (ground transportation)~~ | | ~~$2,891.25~~ |
| | **See Lakey trial lodging and meals award above.** | | |
| 12/9–16/16 | Randy Fralix trial travel expenses<br><br>$549.19 (airfare) **Stipulated.**<br><br>~~$1,152.08 (lodging and meals)~~<br><br>$65.00 (ground transportation) **Stipulated.**<br><br>$75.00 (ground transportation) **Stipulated.** | | ~~$1,841.27~~<br><br>**$689.19** |
| | **See Fralix trial lodging and meals award above.** | | |

| 12/11-16/16 | Matthew Fischer trial travel expenses | | ~~$2,474.86~~ |
|---|---|---|---|
| | $261.44 (airfare) **Stipulated.** | | |
| | $200.00 (airfare change fee) **Awarded.** | | $1487.19 |
| | ~~$975.95 (lodging)~~ | | |
| | $462.83 (ground transportation) **Stipulated.** | | |
| | $185.00 (ground transportation) **Stipulated.** | | |
| | $160.00 (ground transportation) **Stipulated.** | | |
| | ~~$3.99 (meals)~~ | | |
| | ~~$2.65 (meals)~~ | | |
| | ~~$5.08 (meals)~~ | | |
| | **See Fischer trial lodging and meals award above.** | | |
| | ~~**TOTAL:**~~ | | ~~**$21,480.96**~~ |
| | **TOTAL:** | | **$11,909.90** |

(6) Fees for Exemplification and Copies.                                    -        $299.27

| Date | Description | Stipulation[8] | Amount |
|---|---|---|---|
| 12/7/16 | Binders for trial exhibits | **Stipulated** | $170.09 |
| 12/12/16 | Trial demonstrative exhibits | **Stipulated** | $129.18 |
| **TOTAL:** | | | **$299.27** |

(7) Costs Incident to the Taking of Depositions.[9]                         -        $0.00

(8) Other Costs.

---

[8] Plaintiff stipulated to the items listed in this column.

[9] The clerk declines to award these costs, as all are either travel expenses of counsel, or travel expenses of lay witnesses paid to attend and observe other witness depositions as consultants.  Witness travel expenses are only compensable for <u>testimony made part of the record</u>.  <u>See Sorbo v. U.P.S.</u>, 432 F.3d 1169, 1180 (10th Cir.); 28 U.S.C. § 1821(a)(1).

- Computerized Research .[10]                                    -    **$0.00**
- Mediation.[11]                                                 -    **$0.00**
- Database Document Processing Fees.                             -    **$962.50**

**Database document processing fees:**

| 5/3/16 | Import production load file to database. **Not awardable.** [12] | $928.00 |
| 7/26/16 | Import production load file to database. **Not awardable, see above** | $640.00 |
| 9/30/16 | Import production load file to database. **Not awardable, see above** | $160.00 |
| 11/30/16 | Import trial exhibits to database. **Not awardable, see above** | $96.00 |
| 12/2/16 | Import production load file to database. **Awardable.** [13] | $62.50 |
| 12/12/16 | Import trial exhibits to database. **Awardable.** | $900.00 |
| | **TOTAL:** | **$962.50** |

- UPS Charges.[14]                                              -    **$100.03**

- Messenger Fees.[15]                                           -    **$72.00**

                            **GRAND TOTAL:**    -    **$24,408.91**

---

[10] Not awardable under 28 U.S.C. § 1920. The Colo. Judicial Branch electronic database "ICCES" search conducted by defendants was done to find other litigation by Plaintiff. Accordingly, the search is the equivalent to computerized legal research. Sorbo, 432 F.3d at 1180. PACER charges are incurred when an e-filing party fails to save documents provided to the party by the CM/ECF system's Notice of Electronic Filing (NEF). See District Of Colorado ECF User Manual Version 6.1.

[11] Not awardable under 28 U.S.C. § 1920. See Bagher v. Auto-Owners Insurance Company, 2015 WL 1510774, at *2 (D.Colo., 2015).

[12] Not awardable under 28 U.S.C. § 1920. See H&H Database Document Processing Fees, Docket No. 169-8, pp. 1-13. Note that each line item is accompanied by a rate indicating "hours" for work performed. Technicians' labor charges are not awardable for an activity described as "Import production load file to database." See Bat v. A.G. Edwards & Sons, Inc., 2007 WL 2320539, at *4 (D.Colo. 2007)("[T]here is no clear authority providing for recovery of a video technician's time in preparing for and attending trial.").

[13] The clerk awards the last two items in light of defense counsel's confirmation that these costs were incurred as part of providing discovery requests to Plaintiff, and to prepare trial exhibits. The two items are characterized as "extracting data" and "extracting trial exhibits." See H&H Database Document Processing Fees, Docket No. 169-8, p. 14. See also Nero v. American Family Mut. Ins. Co., 2013 WL 5323262, at *2 (D.Colo. 2013)( "In sum, we conclude that ... only the *scanning* of hard copy documents, the *conversion* of native files to TIFF, and the *transfer* of VHS tapes to DVD involved 'copying,' and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.' ")(Emphasis added.).

[14] The clerk awards these charges as they appear to be reasonable, cost-effective, and were incurred in response to discovery requests.

[15] The clerk awards these charges as they appear to be reasonable, cost-effective, and were incurred in response to discovery requests and the production of trial exhibits.

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 15-cv-02108-REB-STV

BALJIT S. NANDA,

      Plaintiff,

vs.

PHILLIPS 66 COMPANY,

      Defendant.

---

## ORDER GRANTING MOTION FOR REGISTRATION OF JUDGMENT

---

**Blackburn, J.**

This matter is before me on the **Defendant's Motion To Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [#176][1] filed April 21, 2017.  The plaintiff did not file a response.  I grant the motion.

28 U.S.C. § 1963 provides: "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."

Final Judgment [#165] entered in this case on December 22, 2016.  The judgment is a money judgment in favor of the defendant, Phillips 66 Company, and against the plaintiff, Baljit S. Nanda.  The jury found in favor of Phillips 66 on its

---

[1] "[#176]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

counterclaim for breach of contract against Mr. Nanda. The judgment is not yet final by appeal or the expiration of the time for appeal.

Phillips 66 says they have not found any unencumbered assets of Mr. Nanda in the State of Colorado. As a result, Phillips 66 seeks to register the judgment in other districts where Mr. Nanda has assets. Generally, a certified copy of a judgment is necessary to register the judgment in another district. Mr. Nanda's time to appeal will begin to run when my order denying his motion for new trial is entered. That order will be entered concurrently with this order. In the meantime, Mr. Nanda has not posted a supersedeas bond to protect the interests of Phillips 66.

When a judgment debtor has not posted a supersedeas bond and has no assets in the district where judgment was entered, good cause is established to permit registration of the judgment under § 1963. *See In re Steel Reclamation Resources, Inc.*, 1995 WL 495272, at *3 (10th Cir. 1995) (unpublished). If Phillips 66 is not able to obtain a certified copy of the judgment of this court, then Phillips 66 may be effectively precluded from enforcing the judgment outside of Colorado even though the interests of Phillips 66 remain unprotected because Mr. Nanda has not filed a supersedeas bond.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion To Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [#176] is granted;

2. That under 28 U.S.C. § 1963, the clerk of the court shall issue to the defendant, Phillips 66 Company, a certified copy of this court's **Final Judgment** [#165] filed December 22, 2016; and

2

3.  That under 28 U.S.C. § 1963, the certified copy of this court's **Final**

**Judgment** [#165] filed December 22, 2016, may be registered in any other district.

Dated August 8, 2017, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

3

I, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 10th day of August, 2017
JEFFREY P. COLWELL
By  R. Villa
                        **Deputy**

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

Civil Action No.:

BALJIT S. NANDA,

     Plaintiff,

vs.

PHILLIPS 66 COMPANY,

     Defendant.

## AFFIDAVIT OF CRAIG STEWART

    Craig Stewart, being first duly sworn under oath, states as follows:

    1.    I have personal knowledge of the facts stated herein, and I could truthfully testify to as follows if called to testify.

    2.    I am a partner with the law firm of Holland & Hart LLP. Holland & Hart LLP represents Defendant Phillips 66 in *Nanda v. Phillips 66*, Civ. Action No. 1:15-cv-02108-REB-STV (D. Colo).

    3.    On December 22, 2016, Phillips 66 obtained a Final Judgment against Plaintiff. Pursuant to 28 U.S.C. § 1963, Phillips 66 seeks to register that Final Judgment in the District of Oregon.

    4.    The Plaintiff's full name is Baljit S. Nanda.

    5.    Mr. Nanda's last known address is 9951 Stoneglen Trail, Lone Tree, CO 80124.

Dated: November 13, 2017.

_____
Craig Stewart

STATE OF COLORADO      )
                         )    ss.
CITY AND COUNTY OF DENVER    )

      The foregoing instrument was subscribed and sworn to before me this 13th day of November, 2017 by Craig Stewart.

Witness my hand and official seal.

My commission expires: _2-11-20_____.

```
BRENDA S PROSKEY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19874024962
MY COMMISSION EXPIRES 02/11/2020
```